UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MATTHEW WAKEM,**

      **Plaintiff,**

v.                                                          **Case No: 6:23-cv-2306-CEM-EJK**

**SUFII DAY SPA CORPORATION,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (the "Motion"), filed May 14, 2024, against Defendant Sufii Day Spa Corporation. (Doc. 22.) For the reasons set forth below, the Motion is due to be granted.

    **I.    BACKGROUND**

On November 30, 2023, Matthew Wakem ("Plaintiff") instituted this action against Sufii Day Spa Corporation ("Defendant"), for violation of exclusive rights under the Copyright Act, 17 U.S.C. § 106. (Doc. 1.) After multiple attempts of service on Defendant, substituted service was made by serving the Florida Secretary of State by certified mail on February 12, 2024, pursuant to Florida Statute § 48.161(2). (Doc 22-1 at 3.) Plaintiff now moves for an order of default pursuant to Federal Rule of Civil Procedure 55. (Doc. 22.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

To effectuate proper substituted service of process on a Defendant concealing its whereabouts under section 48.161, a plaintiff must: (1) serve the Secretary of State by providing a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. Fla. Stat. § 48.161(1)–(2), *amended by* 2022 Fla. Laws ch. 2022-190, 12–13 (effective January 2, 2023).

Plaintiff provided a copy of the Complaint and Summons to Defendant by sending a copy to the home address of Sufii Day Spa Corporation's registered agent,

Parvaneh Ektasabi, using the address listed on the Florida Department of State Division of Corporations. (Doc 22-1 at 2).[1] After multiple service attempts failed at this location, Plaintiff attempted to serve Defendant at another address listed on the Defendant's official website, which was also unsuccessful. (*Id.*)

Based on the affidavit submitted by Plaintiff's counsel, Plaintiff has complied with the statutory requirements to effectuate proper substituted service of process. On February 9, 2024, Plaintiff provided copies of the Complaint and Summons to the Secretary of State, and the Secretary of State accepted such process on February 12, 2024. (*Id.* at 2–3.)

Plaintiff then provided a copy of the Complaint and Summons to Defendant by sending a copy to the home address by mail, and Defendant actively refused service. (*Id.* at 3.) Subsequently, Plaintiff timely filed an affidavit of compliance establishing that substituted service of process was proper, as required by statute, and that Plaintiff exercised due diligence in attempting to effectuate personal service on the party before using substituted service. (*Id.*)

---

[1] Detail by Entity Name of Sufii Day Spa Corporation, Division of Corporations, an official State of Florida Website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=SUFIIDAYSPA%20P180000156040&aggregateId=domp-p18000015604-db6d5bd3-57dc-47a9-86b6-ab4bb90943b4&searchTerm=Sufii%20day%20spa&listNameOrder=SUFIIDAYSPA%20P130000611881 (last visited July 15, 2024).

- 4 -

Therefore, Defendant was properly served in compliance with the Federal Rules of Civil Procedure and Florida law, and since more than 21 days have passed with no responsive pleading filed, default is appropriate.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Motion (Doc. 22.) is **GRANTED**. The Clerk is **DIRECTED** to enter default as to Defendant Sufii Day Spa Corporation.

**DONE** and **ORDERED** in Orlando, Florida July 23, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE